IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

_____

TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA, as subrogee and assignee of
The Alexander Company, Inc.,

    Plaintiff,

               v.                          No. 15-cv-499

ASSOCIATED BANK, N.A.,

    Defendant.

_____

### PLAINTIFF'S MEMORANDUM IN OPPOSITION
### TO DEFENDANT'S MOTION TO DISMISS

#### INTRODUCTION

Travelers Casualty and Surety Company of America ("Travelers"), as assignee and subrogee of The Alexander Company, Inc. ("Alexander"), brings this action to recover for Defendant's negligence in taking checks for deposit. Defendant, Associated Bank, N.A. ("Associated"), repeatedly took for deposit checks payable to the order of "Floor-Tek." "Floor-Tek," however, is a bogus company that does not exist. The checks were issued as part of a fraud by an individual named Gregory Hunt, perhaps with the assistance of his daughter, Tiffany Hunt, to steal money from Alexander, which was Gregory Hunt's employer. Under reasonable commercial standards of banking, Associated never should have taken these fraudulent checks for deposit, which facilitated this fraud. Associated's wrongful actions caused Alexander to suffer more than $500,000 in damages. Travelers indemnified Alexander for these losses and now seeks recovery from Associated.

1

Associated moves to dismiss the complaint under Rule 12(b)(6). The bank does not deny the existence of a cause of action under the Uniform Commercial Code ("UCC") when a depositary bank takes fictitious checks for deposit. Indeed, Associated agrees that "a depositary bank can be held liable" under the precise grounds alleged by Travelers in this action. (Associated's Brief, ECF No. 8, at 2) Rather, Associated only argues that the complaint does not allege sufficient facts to support the claim. Associated is incorrect. The complaint alleges that Associated took checks for deposit even though they were payable to "Floor-Tek," a fictitious entity, and that Associated's actions did not meet the standard of "ordinary care" required of banks under the UCC. The Court should deny Associated's motion.

**ARGUMENT**

I. **The Complaint Pleads Facts Triggering Section 3-404 of the Uniform Commercial Code**

Travelers' statutory negligence claim is expressly authorized by Section 3-404 of the UCC, Wis. Stat. § 403.404(4)(4). This statutory subsection applies to three categories of checks: (1) checks induced by an imposter, (2) checks payable to fictitious payees, and (3) checks where the person signing on behalf of the drawer did not intend the person identified as the payee to have any interest in the instrument. Wis. Stat. § 403.404(4)(1), (2) & (4). For these three categories of checks, the drawer (here, Travelers as subrogee and assignee) has a claim against the bank that took the checks (here, Associated) if the bank failed "to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss resulting from payment of the instrument." Wis. Stat. § 403.404(4)(4). Travelers states a claim for relief under § 403.404(4)(4).

Associated agrees that a drawer can sue a bank for taking a check to a fictitious payee or to a payee whom the drawer did not intend to pay. (ECF No. 8, at 6 (conceding that a drawer has

2

a claim under Wis. Stat. § 403.404(4)(2) against its bank for paying checks that are "payable to either unintended or fictitious payees"). Associated then argues, however, that "Plaintiff does not offer any facts to substantiate that Floor Tek is indeed a fictitious entity." (*Id.* at 7) This argument tries to stretch the federal pleading standard much farther than Rule 8 was intended to go.

The complaint expressly alleges that Floor Tek is fictitious. Paragraphs 2 and 12 allege respectively that Floor-Tek "is a fictitious company" and a "fictitious entity." (ECF No. 1, ¶¶ 2 & 12) Consistently, Paragraph 10 alleges that, "[w]hen G. Hunt caused Alexander to issue the Floor-Tek Checks, Floor-Tek was a fictitious entity and G. Hunt did not intend Floor-Tek to have any interest in the checks or their proceeds." (ECF No. 1, ¶ 10) Furthermore, Paragraph 12 details that "Floor-Tek" "had no business operations, no employees, no business purpose, no business records, and no physical presence." (ECF No. 1, ¶ 12) These are ample facts that "Floor-Tek" was fictitious within the meaning of the UCC.

Rule 8(a) only requires a plaintiff to plead facts sufficient to put the defendant on notice of the claim. Fed. R. Civ. P. 8(a) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief"). "[D]etailed factual allegations" are not necessary under the rule. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). *Twombly* "did not signal a switch to fact-pleading in the federal courts." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLP*, 499 F.3d 663, 667 (7th Cir. 2007) (citing *Erickson v. Pardus*, 127 S. Ct. 2197 (2007)). "To the contrary, *Erickson* reaffirmed that under Rule 8 '[s]pecific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" 499 F.3d at 667 (quoting *Erickson*, 127 S. Ct. at 2200, and *Twombly*, 127 S. Ct. at 1964)). Travelers' complaint unquestionably gives Associated fair notice

3

of Travelers' claim: *i.e.* that Associated failed to exercise reasonable commercial standards by taking these checks for deposit when the payee had no verifiable traits of being a bona fide company.

Associated asserts that "all of Plaintiff's allegations regarding Floor Tek are based upon 'information and belief,'" which, Associated insists, does not suffice under Rule 8(a). (ECF No. 8, at 7) That is incorrect, both factually and legally. First, as a factual matter, not "all" of Travelers' allegations are based upon "information and belief." Paragraph 12 of the complaint uses the phrase "upon information and belief," but Paragraphs 2 and 10 do not.

Second, as a legal matter, using the phrase "upon information and belief" does not require dismissal, even after *Twombly*. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2nd Cir. 2010) ("The *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are particularly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible"); *see also Frerck v. Pearson Educ., Inc.*, 2012 U.S. Dist. LEXIS 52664, at *7-10 (N.D. Ill. 2012) (collecting cases holding that "information and belief" pleading survives *Twombly*). Travelers, one of the leading fidelity insurance companies in the world, paid $503,382.77 on an insurance claim to cover this loss. It is eminently "plausible" that Travelers has possession and control of information to support the allegation in Paragraph 12 of the complaint.

**II. The Complaint Adequately Pleads That Associated Failed to Exercise Ordinary Care**

Under Wis. Stat. § 403.404(4)(4), Travelers has a statutory negligence claim if Associated failed to exercise "ordinary care" in paying the checks. The complaint makes precisely those allegations in Paragraphs 12 and 13:

4

>    12.  Associated failed to exercise reasonable commercial standards of banking in taking the Floor-Tek Checks for value and collection. In particular, Associated took the checks for value and for collection when they were payable to a fictitious entity that, upon information and belief, had no business operations, no employees, no business purpose, no business records, and no physical presence. Bankers exercising reasonable commercial standards of banking would not have transacted the Floor-Tek Checks in light of these facts.
>
>    13.  Associated's failure to exercise reasonable commercial standards of banking constituted a failure to exercise "ordinary care" as that term is defined in the Uniform Commercial Code, Wis. Stat. § 403.103(1)(g).

(ECF No. 1, ¶¶ 12-13).

The UCC defines "ordinary care," in relevant part, as "reasonable commercial standards, prevailing in the area in which the person is located, with respect to the business in which the person is engaged." Wis. Stat. § 403.103(1)(g). The allegations in the complaint plainly put Associated on notice, as required by Fed. R. Civ. P. 8(a), that Travelers contends that Associated failed to exercise "reasonable commercial standards" when it took checks for deposit that were payable to a fictitious entity with no business operations, no employees, no business purpose, no business records, and no physical presence. This states a compensable claim. Associated will dispute the claim at trial, and the parties will presumably present expert witnesses with different opinions as to what the relevant "reasonable commercial standards" are, but the complaint states a claim that requires such evidence to resolve. The complaint cannot be dismissed under Rule 12(b)(6).

Travelers has a strong basis in fact to challenge Associated's actions. Associated, a large, national bank that is subject to a variety of federal regulations, took checks payable to a verifiably fictitious business entity. This minimally raises serious questions as to Associated's compliance with the USA Patriot Act, which requires banks to prepare and follow a Customer Identification Program ("CIP"). 31 C.F.R. § 1020.220. Among other requirements, the CIP

5

must include appropriate procedures "for verifying the identity of each customer" and procedures to "enable to bank to form a reasonable belief that it knows the true identity of each customer." *Id.* § 1020.220(a)(2). The regulations state the factors that banks must consider when developing a CIP and the types of information that must be obtained from each customer, which minimally include, for business customers, "a principal place of business, local office or other physical location." *Id.* § 1020.220(a)(2)(i)(3)(iii).

Furthermore, the regulations require a bank to verify the existence of each of its customers. Verification through documentation requires procedures for collecting and reviewing "documents showing the existence of the entity, such as certified articles of incorporation, a government-issued business license, a partnership agreement, or trust instrument." *Id.* § 1020.220(a)(2)(ii)(A)(2).

The facts alleged in the complaint raise serious questions as to whether Associated complied with these federal regulations, and thus whether Associated's actions violated reasonable commercial standards of banking. (Associated cannot deny that reasonable commercial standards under the UCC necessarily include complying with applicable banking regulations.) Associated's taking of checks payable to a non-existent business entity minimally raises issues as to whether the bank's CIP was unreasonably lax, whether the bank failed to comply with its CIP, or both.[1]

---

[1] Travelers does not allege, in the present complaint at least, that Associated violated federal CIP regulations. For whatever reason, Associated has steadfastly refused to produce to Travelers its CIP and evidence as to whether it complied with its CIP, despite Travelers' requests for that information, both before and after the filing of this action.

**III.     Associated's "Concerns" Over the Time Period Must Await Summary Judgment**

Finally, Associated raises a "concern" over the applicable statute of limitations. Notably, Associated does not move to dismiss on this ground. Indeed, Associated concedes that the complaint "does not plead any time period" and "acknowledges that Plaintiff does not have an affirmative duty to allege facts that tend to defeat affirmative defenses.'" (ECF No. 8, at 9 (quoting *United States Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 628 (7th Cir. 2003)). Under the well-pleaded complaint rule, the complaint states a claim.

Travelers anticipates a statute-of-limitations defense with regard to some of the checks, but a substantial number of the checks fall well within the applicable statute of limitations, even under Associated's narrow reading of the rule. Furthermore, whether, and if so how, the discovery rule applies to toll the statute with regard to other checks present legal issues that the Court will have to resolve, presumably on summary judgment. These issues are immaterial to this 12(b)(6) motion.

### CONCLUSION

For these reasons, the Court should deny Associated Bank, N.A.'s motion to dismiss.

> Respectfully submitted,
>
> TRAVELERS CASUALTY AND SURETY
> COMPANY OF AMERICA
>
> By:   /s/ Mark E. Wilson
>          One of Its Attorneys

Mark E. Wilson
FISHERBROYLES, LLP
203 N. LaSalle Street
Suite 2100
Chicago, Illinois 60601
(312) 498-8078
mark.wilson@fisherbroyles.com
Attorneys for Plaintiff