IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, as subrogee and assignee of The Alexander Company, Inc., <br><br> Plaintiff, <br><br> v. <br><br> ASSOCIATED BANK, N.A., <br><br> Defendant. | Case No. 15-cv-499 <br> The Honorable Judge William M. Conley <br> The Honorable Magistrate Judge <br> Stephen L. Crocker |

**ASSOCIATED BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Associated Bank N.A. ("Associated Bank") for its Reply in Support of its Motion to Dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), states as follows:

**ARGUMENT**

**I.     Plaintiff misstates the pleading standard for claims under Rule 8.**

Plaintiff's selective citations to cases that pre-date the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the most recent guidance from the Court regarding Rule 8's pleading requirements, misleadingly presents the applicable standard for complaints and must be corrected.  While detailed factual allegations are unnecessary, Plaintiff's suggestion that it does not have to plead any facts and that mere notice of the nature of the claim is enough, is directly contrary to the Court's *Iqbal* decision: "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.  Indeed, in *Iqbal*, the Supreme Court emphasized at length that a complaint must allege sufficient facts to survive dismissal:

> The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Id.* (internal citations omitted). Plaintiff's distortion of the applicable pleading standard is telling. As set forth in Associated Bank's Memorandum in Support of its Motion to Dismiss ("Memorandum") and as further explained below, Plaintiff's allegations amount to precisely the type of unadorned, formulaic assertions not to be tolerated under Rule 8. Plaintiff's Complaint should be dismissed with prejudice.

**II.     Plaintiff's proffered approach for pleading a claim under Section 403.404 ignores this Section's required two-step analysis.**

In its Response, Plaintiff does not address any of the concerns raised by Associated Bank. Namely, Plaintiff does not respond to Associated Bank's point that the ordinary care analysis under the Code involves an identification of the applicable commercial standards, yet, the Complaint is devoid of any mention of the prevailing standards that apply to Associated Bank. More significantly, Plaintiff still offers no explanation of how Associated Bank deviated from these unidentified standards. Such a pleading is exactly the type of "unadorned, the defendant-unlawfully-harmed me accusation" that does not pass muster under Rule 8.

Instead, Plaintiff stands on its summary allegation that because Floor Tek may have been a fictitious entity, Associated Bank is strictly liable for cashing checks made payable to its customer, Floor Tek: "The allegations in the complaint plainly put Associated on notice, as required by Fed. R. Civ. P. 8(a), that Travelers contends that Associated failed to exercise

'reasonable commercial standards' when it took checks for deposit that were payable to a fictitious entity with no business operations, no employees, no business purpose, no business records, and no physical presence." (Response, p. 5). Such an assertion is directly contrary to the purpose of Section 403.404, which is to act as a defense for a depository bank, like Associated Bank, that took a check for value payable to a fictitious entity. (Memorandum, pp. 5-6, 8). Plaintiff's position that merely alleging that payment to a fictitious entity, without more, is enough to sustain a claim against a depository bank under Section 403.404 would turn this provision of the Code on its head.

Indeed, Plaintiff's proffered approach ignores the two-step analysis required to sustain a claim under Section 403.404 against a depository bank. As detailed in its Memorandum, a plaintiff first must plead facts that demonstrate that the instrument was payable to a fictitious payee and then, must explain how the depository bank failed to exercise ordinary care, i.e., failed to comply with the applicable commercial standards. (Memorandum, pp. 6-8). To accept Plaintiff's argument would conflate these two steps, which is impermissible under the statutory framework set forth in Section 403.404.

**III. Plaintiff's new Patriot Act argument is irrelevant and in any event, similar to its other theories, is completely undeveloped.**

Despite **no** mention of the USA Patriot Act (the "Patriot Act") in the Complaint, Plaintiff now points to the Patriot Act's Customer Identification Program ("CIP") provision, 31 C.F.R. §1020.220., as purported support for its claim. (Response, pp. 5-6). Plaintiff's reliance on the Patriot Act is a nonstarter because no private right of action exists under the Patriot Act. *Hanninen v. Fedoravitch*, 583 F.Supp.2d 322, 326 (D. Conn. 2008) ("[U]nder the USA Patriot and Bank Secrecy Acts, the Courts would dismiss these claims *sua sponte* because neither of these statutes appear to authorize a private right of action."); *Medical Supply Chain, Inc. v.*

*Neoforma, Inc.,* 419 F.Supp.2d 1316, 1330 (D. Kan. 2006) ("No private cause of action exists to enforce the USA Patriot Act."); *Holub v. Knauf*, 2005 WL 1269036, *2 (E.D. Wis. 2005) (finding the plaintiff's complaint to be deficient because it involved "federal statutes that do not create private causes of action (such as the U.S.A. Patriot Act)"). And, therefore, "[m]ultiple federal courts have concluded that, because the federal banking regulations do not authorize a private right of action, they cannot be used to create a common law duty of care." *Grad v. Associated Bank, N.A.,* 336 Wis.2d 474, ¶22 (Wis. Ct. App. 2011), citing *In re Agape Litigation*, 681 F.Supp.2d 352, 361 (E.D.N.Y. 2010) (dismissing negligence claim after concluding: "because the Bank Secrecy Act does not create a private right of action, the Court can perceive no sound reason to recognize a duty of care that is predicated upon the statute's monitoring requirements.").

The Seventh Circuit is among those federal courts. In *Belt, Inc. v. Wachovia Corp.,* 403 F.3d 474, 476 (7th Cir. 2005), the plaintiff argued that the defendant bank had a duty of care to inform the plaintiff of the suspicious activities of one of the defendant bank's customers. In support, the plaintiff pointed to the federal regulation which requires lenders to submit Suspicious Activity Reports ("SARs") to the Treasury Department about "any known or suspected Federal criminal violation." *Id. citing* 12 C.F.R. §21.11. Relying upon the Supreme Court's decision in *Heckler v. Chaney*, 470 U.S 821 (1985), the Seventh Circuit rejected the plaintiff's argument and found that "no one is entitled to the benefit of regulatory intervention." *Id.* Thus, the Seventh Circuit held that the SARs regulation did not create an independent duty of care that would allow the plaintiff to pursue a "private right of action for damages" against the defendant bank. *Id.* Similarly, the Patriot Act does not impose upon Associated Bank an

independent duty of care to Plaintiff. The Patriot Act's requirements are irrelevant, which is likely why Plaintiff did not raise them in its Complaint in the first place.

However, if the federal regulations set forth in the Patriot Act were pertinent, which they are not, the absence of any mention of them in the Complaint and more importantly, any explanation of how Associated Bank failed to follow the Patriot Act warrants dismissal alone. In fact, in its Response, Plaintiff still does not identify how Associated Bank failed to comport with the Patriot Act's provisions. The reality is Plaintiff has no cause of action against Associated Bank under the Patriot Act or any other theory. Plaintiff's Complaint should be dismissed with prejudice.

Finally, in a last-ditch effort to bolster its Patriot Act argument, Plaintiff faults Associated Bank for failing to voluntarily produce its "CIP and evidence as to whether it complied with its CIP." (Response, n. 1). As its relegation to a footnote and the absence of any legal support suggests, Plaintiff's criticisms are squarely at odds with Supreme Court precedent: "Rule 8 marks a notable and generous departure from the hyper-technical code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 566 U.S. at 678-679. Again, the Supreme Court cautioned, "the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on the controls placed upon the discovery process." *Id.* at 684-685. Indeed, in *Iqbal*, the Supreme Court rejected a plaintiff's request for limited discovery based on the promise that it would be minimally intrusive and could be monitored by the Court: "We decline respondent's invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery…**Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery cabined or otherwise**." *Id.* at 686. (emphasis added).

Plaintiff's criticisms of Associated Bank are misdirected. Plaintiff needs to plead a claim, first, before it is entitled to discovery. And, its suggestion that Associated Bank somehow acted improperly by refusing Plaintiff's fishing expedition is baseless, as this Court has already recognized by staying discovery in this case. (Docket No. 10). Associated Bank's refusal to produce this information does not warrant denial of its motion to dismiss. If anything, Plaintiff's reliance on this fact highlights the blatant pleading deficiencies present in its Complaint.

**IV.     Plaintiff's "upon information and belief" allegations do not satisfy the first element of a Section 403.404 claim, the existence of a fictitious entity.**

Plaintiff also argues that it has adequately pled the first element of a cause of action under Section 403.404 - payments to a fictitious entity - by pleading "upon information and belief." In support, Plaintiff cites law that states that pleading upon information and belief is proper where the facts at issue are "particularly within the possession and control of the defendant." (Response, p. 4). The problem for Plaintiff is that whether Floor Tek is or is not a fictitious entity is not information within Associated Bank's possession or control. Plaintiff's subrogee, The Alexander Company, Inc., who wrote checks to Floor Tek had the opportunity to investigate Floor Tek's status and certainly, as the one initiating payments to Floor Tek, was in the best position to uncover whether it is or is not a viable entity. There is no reason why Plaintiff failed to plead facts in support of this element and Plaintiff's failure to allege any facts that Floor Tek is a fictitious entity warrants dismissal as well.

**V.      Plaintiff essentially admits that a portion of its claim is time-barred.**

Plaintiff cites nothing to call in to doubt the legal precedent cited by Associated Bank in its Memorandum that the applicable statute of limitations for a Section 403.404 claim is three years and that the cause of action accrues at the time the check is presented. (Memorandum, p. 9). Further, Plaintiff cites nothing to rebut the Seventh Circuit's decision in *Rodrigue v Olin*

*Employees Credit Union*, 406 F.3d 434, 446 (7th Cir. 2005), that neither the discovery rule nor the continuing violation rule applies to extend the three year statute of limitations. (Memorandum, p. 9).

Instead, Plaintiff attempts to excuse its failure to plead any time period in its Complaint by arguing that while it "anticipates a statute-of-limitations defense with regard to some of the checks…a substantial number of the checks fall within the applicable statute of limitations." (Response, p. 7). Thus, Plaintiff essentially admits that at least a number of the checks are outside the three year statute of limitations. Plaintiff is obligated under Rule 11 of the Federal Rules of Civil Procedure to only plead claims that are warranted by existing law. While it is Associated Bank's position that Plaintiff's entire Complaint should be dismissed with prejudice, to the extent Plaintiff is given leave to re-plead, Associated Bank submits that Plaintiff should limit its claims to those checks presented to Associated Bank after August 17, 2012, (three years prior to the August 17, 2015, filing of the Complaint).

## CONCLUSION

For the reasons set forth above and in its Memorandum, Associated Bank request that Plaintiff's Complaint be dismissed with prejudice. In the alternative, to the extent Plaintiff is given leave to re-plead, Associated Bank submits that Plaintiff should limit its claim to those checks, if any, presented to Associated Bank after August 17, 2012.

Respectfully Submitted,

s/ *Meredith Pike*
Meredith Pike (IL #6281145)
Edmond Burke (IL #6276406)
CHUHAK & TECSON, P.C.
30 S. Wacker Drive, Suite 2600
Chicago, Illinois 60606
Telephone: (312) 444-9300
Facsimile: (312) 444-9207

- 8 -

mpike@chuhak.com
eburke@chuhak.com