IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA, as subrogee and
assignee of The Alexander Company, Inc.,

                Plaintiff,                OPINION AND ORDER

  v.

                                           15-cv-499-wmc

ASSOCIATED BANK, N.A.,

                Defendant.

---

Defendant Associated Bank, N.A. ("Associated Bank") accepted for deposit a number of checks written on the account of The Alexander Company, Inc., and payable to an allegedly fictitious entity. Having reimbursed its insured, Alexander, for the losses arising out of those deposits, plaintiff Travelers Casualty and Surety Company of America ("Travelers") brought this diversity action against Associated Bank for violating Wis. Stat. § 403.404(4) by failing to exercise ordinary care. Pending before the court is defendant's motion to dismiss (dkt. #7), which will be denied because plaintiff Travelers has alleged enough facts to support a reasonable inference that defendant Associated Bank failed to adhere to the applicable standard of care by accepting checks payable to a fictitious entity.

ALLEGATIONS OF FACT

Plaintiff alleges that Travelers is a Connecticut corporation with its principal place of business in Connecticut. Plaintiff further alleges that Associated Bank is a citizen of Wisconsin under 28 U.S.C. § 1348 because it is a national banking association with its

main office in Wisconsin. Accepting these facts as true, the court has diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.[1]

As for the merits, plaintiff alleges that an employee of The Alexander Company, Gregory Hunt, perhaps working with his daughter, Tiffany Hunt, carried out a scheme to steal money from his employer by causing The Alexander Company to issue checks payable to the order of "Floor-Tek." Plaintiff alleges on information and belief that Floor-Tek is a fictitious company with no business operations, employees, records or physical presence.

Despite being a fictitious company, plaintiff claims, Associated Bank accepted the checks made payable to Floor-Tek, which it then deposited into accounts at Associated Bank opened for Gregory and/or Tiffany Hunt. Ultimately, plaintiff Travelers paid Alexander's insurance claim for losses amounting to $503,382.77, the total amount withdrawn from its account to cover Floor-Tek's checks.

OPINION

In resolving a motion to dismiss under Rule 12(b)(6), the court takes all well-pled facts in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir.

---

[1] Plaintiff does not include facts in the complaint supporting its assertion that this court has proper venue because "a substantial part of the events or omissions giving rise to the claim occurred in this judicial district," but defendant does not contest venue, and so the court will not raise it. *See Auto. Mechs. Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007) (noting that a district court should not generally raise an issue of venue *sua sponte*).

2010). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* While far from a compelling narrative, plaintiff's pleading meets this admittedly low bar, leaving defendant to move for summary judgment if the record is in fact as one-sided as its motion represents.

Defendant moves to dismiss the complaint on the basis that plaintiff has failed to plead enough facts from which the court could reasonably infer that it is liable under Wis. Stat. § 403.404(4), which underlies plaintiff's statutory negligence claim. Adopted from § 3-404 of the Uniform Commercial Code, the Wisconsin statutes state generally that:

> (1) If an imposter, by use of the mails or otherwise, induces the issuer of an instrument to issue the instrument to the imposter, or to a person acting in concert with the impostor, by impersonating the payee of the instrument or a person authorized to act for the payee, an endorsement of the instrument by any person in the name of the payee is effective as the endorsement of the payee in favor of a person who, in good faith, pays the instrument or takes it for value or for collection.
>
> (2) If a person whose intent determines to whom an instrument is payable under s. 403.110(1) or (2) does not intend the person identified as payee to have any interest in the instrument *or if the person identified as payee of an instrument*

3

> *is a fictitious person*, the following rules apply until the instrument is negotiated by special endorsement:
>
> (a) Any person in possession of the instrument is its holder.
>
> (b) An endorsement by any person in the name of the payee stated in the instrument is effective as the endorsement of the payee in favor of a person who, in good faith, pays the instrument or takes it for value or for collection.
>
> *(3) Under sub. (1) or (2), an endorsement is made in the name of a payee if it is made in a name substantially similar to that of the payee.*
>
> *(4) With respect to an instrument in which sub. (1) or (2) applies, if a person paying the instrument or taking it for value or for collection fails to exercise ordinary care in paying or taking the instrument and that failure substantially contributes to loss resulting from payment of the instrument, the person bearing the loss may recover from the person failing to exercise ordinary care to the extent that the failure to exercise ordinary care contributed to the loss.*

Wis. Stat. § 403.404 (emphasis added).

Defendant principally moves to dismiss the complaint on the basis that plaintiff "does not offer any facts to substantiate that Floor[-]Tek is indeed a fictitious entity" because all of its "allegations regarding Floor[-]Tek are based upon 'information and belief.'" (Def.'s Opening Br. (dkt. #8) at 7.) In support of that argument, defendant cites a lone, out-of-circuit case, *In re Darvocet, Darvon, and Propoxyphene Products Liability*, 756 F.3d 917 (6th Cir. 2014), for the proposition that "[t]he mere fact that someone believes something to be true does not create a plausible inference that it is true." *Id.* at 931 (citing *Twombly*, 550 U.S. at 551).

Fair enough, but defendant cites *no* case holding that allegations on information and belief are *necessarily* insufficient to meet the pleading standard of Federal Rule of

4

Civil Procedure 8, and a number of district courts have expressly rejected that very holding, even after *Twombly*. *See, e.g., Trs. of the Auto. Mechs.' Indus. Welfare and Pension Funds Local 701 v. Elmhurst Lincoln Mercury*, 677 F. Supp. 2d 1053, 1054-55 (N.D. Ill. 2010) (collecting cases). While admittedly just notice pleading, there is no reason to reject on face value that Floor-Tek is a fictitious entity. On the contrary, this seems a perfectly logical inference given the size of the claimed loss here.

Defendant also argues that plaintiff fails to adequately plead *how* it fell short of the applicable "ordinary care" standard under § 403.404(4). As defined by Wisconsin statutes,

> "Ordinary care" in the case of a person engaged in business means observance of reasonable commercial standards, prevailing in the area in which the person is located, with respect to the business in which the person is engaged. *In the case of a bank that takes an instrument for processing for collection or payment by automated means, reasonable commercial standards do not require the bank to examine the instrument if the failure to examine does not violate the bank's prescribed procedures and the bank's procedures do not vary unreasonably from general banking usage not disapproved by this chapter or ch. 404.*

Wis. Stat. § 403.103(1)(g) (emphasis added).

As defendant correctly points out, plaintiff does not allege that Associated Bank had actual knowledge that Floor-Tek was a fictitious entity, but then § 403.404(4) as italicized above applies an ordinary care standard sounding in negligence, not proof that the defendant acted knowingly. In Wisconsin, a plaintiff bringing a negligence claim need only plead facts that, if proven true, would establish: (1) a breach of (2) a duty owed (3) that results in (4) injury or injuries, or damages. *See Brandenburg v. Briarwood Forestry Servs., LLC*, 2014 WI 37 ¶6, 354 Wis. 2d 413, 847 N.W.2d 395.

5

Under the facts alleged by plaintiff here, defendant had a duty of ordinary care regarding accepting checks payable to fictitious payees, which it breached by failing to investigate or discover that Floor-Tek was not a legitimate business entity, causing plaintiff (as the subrogee of the payor) injury. In fairness to defendant, plaintiff's complaint lacks specificity found in some other cases involving similar claims. *See, e.g., YF Trust v. JP Morgan Chase Bank, N.A.*, No. CV 07-567-PHX-MEM, 2008 WL 821856, at *4 (D. Ariz. Mar. 26, 2008) (allegations regarding what small-town bank knew about owner and sole signatory to fictitious vendor accounts); *Nat'l Accident Ins. Underwriters, Inc. v. Citibank, F.S.B.*, 243 F. Supp. 2d 763, 764 (N.D. Ill. 2002) (allegations regarding appearance of checks). Even so, plaintiff pleads enough as to the lack of typical indicia that would have made Floor-Tek appear to be a legitimate business entity to meet the minimum standard of specificity required by Rule 8 for plaintiff's claim that defendant failed to exercise ordinary care.[2]

Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Although the complaint admittedly lacks a significant degree of factual specificity, the facts alleged are enough, in the court's view, to "present a story that holds together," including the considerable total dollar amount of the checks involved. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010); *see also McCauley v. City of Chi.*, 671 F.3d 611, 616-18 (7th Cir. 2011) (determining that the plaintiff's *Monell* claim was

---

[2] In reaching this determination, the court disregards the arguments concerning defendant's compliance with the USA Patriot Act, which plaintiff only raises in its reply brief. (*See* Pl.'s Resp. Br. (dkt. #11) at 5-6.)

complex, more like a malicious prosecution claim than a housing discrimination claim, requiring facts to be pled with a higher level of specificity). Defendant's demand for greater specificity will have to await the "put up or shut up" stage of this lawsuit, otherwise known as summary judgment. Accordingly, the court will deny defendant's motion to dismiss.[3]

ORDER

IT IS ORDERED that defendant's motion to dismiss (dkt. #7) is DENIED. Accordingly, the stay of discovery is lifted, and the deadline for filing dispositive motions is pushed back to July 17, 2016, with trial to proceed on November 14, 2016, if necessary.

Entered this 3rd day of June, 2016.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge

---

[3] Although defendant does not appear to seek dismissal on the basis that plaintiff "does not plead any time period in its Complaint" (Def.'s Opening Br. (dkt. #8) at 9), that outcome would be premature at this stage, since it is not clear that plaintiff's claim is time-barred on the face of the complaint. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir. 2004).